UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT W. CARLISLE,

                        Plaintiff,                7:15-CV-1376
                                                         (GTS/ATB)
v.

UNITED PARCEL SERVICE, INC.; and
TEAMSTERS LOCAL 687, an Affiliate of the
International Brotherhood of Teamsters,

                        Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

BLAU LEONARD LAW GROUP, LLC        SHELLY A. LEONARD, ESQ.
  Counsel for Plaintiff                          STEVEN BENNETT BLAU, ESQ.
23 Green St., Suite 303
Huntington, NY 11743

EPSTEIN BECKER & GREEN P.C.          JEREMY M. BROWN, ESQ.
  Counsel for Defendant United Parcel Serv., Inc.   YAEL SPIEWAK, ESQ.
250 Park Ave.
New York, NY 10117

SATTER LAW FIRM, PLLC                 MIMI C. SATTER, ESQ.
  Counsel for Defendant Teamsters Local 687
217 S. Salina St., 6th Fl.
Syracuse, NY 13202

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this Labor Management Relations Act ("LMRA") action filed by Robert W. Carlisle ("Plaintiff") against United Parcel Service, Inc., and Teamsters Local 687 ("Defendants"), are Defendants' motions for a bill of costs. (Dkt. Nos. 35, 37.) For the reasons set forth below, each of Defendants' motions is granted in part and denied in part.

**I.    RELEVANT BACKGROUND**

    **A.    Relevant Procedural History**

On October 31, 2016, Defendant United Parcel Service, Inc. ("Defendant UPS") filed a motion for summary judgment. (Dkt. No. 23.) In that motion, Defendant UPS expressly relied on, in part, transcripts of the depositions of Plaintiff, Brian Hammond and Kirk Perry, as well as copies of papers used during the depositions. (*Id.*)

Also on October 31, 2016, Defendant Teamsters Local 687 ("Defendant Teamsters") filed a motion for summary judgment. (Dkt. No. 20.) In that motion, Defendant Teamsters expressly relied on, in part, transcripts of the depositions of Joelle Sebastian-Dean, Robert Milne, Brian Hammond and Kirk Perry. (*Id.*)

On August 29, 2017, the Court issued a Decision and Order granting Defendants' motions for summary judgment. (Dkt. No. 33.) In that Decision and Order, the Court relied on, in part, the above-described deposition transcripts. (*Id.*)

    **B.    Parties' Briefing on Defendants' Motions**

        **1.    Parties' Briefing on Defendant UPS's Motion for a Bill of Costs**

Generally, in its motion for a bill of costs, Defendant UPS seeks recovery of $3,617.81 in costs that it necessary incurred for documents used in the case (i.e., $3,056.00 for deposition transcripts and exhibits thereto, and $561.61 for the copying of exhibits otherwise used in the depositions). (Dkt. No. 35.) More specifically, the $3,056.00 in deposition transcripts are broken down as follows: (a) $738.50 for the 211-page transcript of the first day of the deposition of Plaintiff (i.e., on June 14, 2016) at a cost of $3.50 per page; (b) $28.60 for 44 pages of transcript exhibits for the first day of the deposition of Plaintiff at a cost of $0.65 per page; (c)

$1,138.35 apparently for both the 230-page transcript of the second day of the deposition of Plaintiff (i.e., on June 22, 2016) at a cost of $3.50 per page, and an unspecified number of pages of exhibits thereto at a cost of $0.65 per page; (d) $940.55 apparently for both the 210-page transcript of the deposition of Brian Hammond at a cost of $3.50 per page, and an unspecified number of pages of exhibits thereto at a cost of $0.65 per page; and (e) $210.00 for the 60-page transcript of the deposition of Kirk Perry at a cost of $3.50 per page. (Dkt. No. 35, Attach. 1.) The $561.61 in copying costs is broken down as follows: (a) five copies of 422 pages of exhibits that were used in, and thus became official exhibits to, the depositions (one copy for each of the three deponents, one copy to Plaintiff's counsel and one copy to the Union's counsel), amounting to 2,110 copies; (b) 1,457 of those copies made through a copying service at $.05 per copy (plus assembly, handling fee and sales tax), totaling $398.36; and (c) the remaining 653 of the copies made in-house at a cost of $0.25 per page, totaling $163.25. (*Id.*)

Generally, in his objections, Plaintiff asserts five arguments: (1) Defendant UPS violated Local Rule 54.1 by failing to file a copy of a canceled check (or other proof the invoices were in fact paid); (2) Defendant UPS also failed to show that the referenced transcripts were necessarily obtained for use in the case, because it did not note (in its application) the title of the motion, the date it was filed, and where in the motion the transcript was used; (3) Defendant UPS also did not (in its application) clearly show the total number of pages of the transcripts, the per-page rate and the total cost, in violation of the Court's Guidelines for Bills of Costs; (4) Defendant UPS also seeks recovery for the non-recoverable costs of rough drafts, linked exhibits, and electronic delivery and handling with regard to the transcript of the first day of Plaintiff's deposition; and (5) Defendant UPS failed to show how either the 1,457 of the copies made through a copying

service or the remaining 653 copies made "in house" were necessary for the depositions, in violation of the Court's Guidelines for Bills of Costs. (Dkt. No. 46.)

Generally, in its reply, Defendant UPS assert four arguments: (1) with regard to Plaintiff's first argument, the Court's Guidelines for Bills of Costs do not in fact require proof of a canceled check but merely proof that the relevant invoices have been paid, which proof exists here through the stamp-notation reading "disbursed"; (2) with regard to Plaintiff's second argument, Defendant UPS did in fact show that the referenced transcripts were necessarily obtained for use in the case by repeatedly referencing its prior motion for summary judgment, and in any event does so in more detail here in its reply; (3) with regard to Plaintiff's fourth argument, Defendant UPS does not in fact seek recovery for the non-recoverable costs of rough drafts, linked exhibits, and electronic delivery and handling with regard to the transcript of the first day of Plaintiff's deposition, and indeed states in an affidavit that it has "excluded from its Bill of Costs all vendor costs relating to preparation of electronic copies and rough drafts of transcripts"; and (4) with regard to Plaintiff's fifth argument, Defendant UPS did in fact show how the 2,110 copies were necessary for the depositions, because it repeatedly referenced the 2,110 copies (or its component parts) in its affidavit and exhibits. (Dkt. No. 48.)

### 2. Parties' Briefing on Defendant Teamsters' Motion for a Bill of Costs

Generally, in its motion for a bill of costs, Defendant Teamsters seeks recovery of the following costs it necessary incurred for use in the case: $2,153.35 for deposition transcripts and exhibits thereto. (Dkt. No. 37.) More specifically, the $2,153.35 in deposition transcripts are broken down as follows: (a) $815.80 apparently for both the 226-page transcript of the deposition of Joelle Sebastian-Dean at a cost of $3.50 per page, and an unspecified number of

pages of exhibits thereto at a cost of $0.65 per page; (b) $187.00 apparently for both the 46-page transcript of the deposition of Robert Milne at a cost of $3.50 per page, and an unspecified number of pages of exhibits thereto at a cost of $0.65 per page; (c) $940.55 apparently for both the 210-page transcript of the deposition of Brian Hammond at a cost of $3.50 per page, and an unspecified number of pages of exhibits thereto at a cost of $0.65 per page; and (d) $210.00 for the 60-page transcript of the deposition of Kirk Perry at a cost of $3.50 per page. (Dkt. No. 37, Attach. 1.)

Generally, in his objections, Plaintiff asserts three arguments: (1) Defendant Teamsters violated Local Rule 54.1 by failing to file a copy of a canceled check (or other proof the invoices were in fact paid); (2) Defendant Teamsters also failed to show that the referenced transcripts were necessarily obtained for use in the case, because it did not note (in its application) the title of the motion, the date it was filed, and where in the motion the transcript was used; and (3) Defendant Teamsters also did not (in its application) clearly show the total number of pages of the transcripts, the per-page rate and the total cost, in violation of the Court's Guidelines for Bills of Costs. (Dkt. No. 46.)

Generally, in its reply, Defendant Teamsters assert two arguments: (1) to the extent the Court's Guidelines for Bills of Costs require proof of a canceled check in addition to the invoices already submitted, Defendant Teamsters has attached a copy of such a check as an exhibit to its reply; and (2) to the extent Plaintiff argues that Defendant Teamsters has not shown that the referenced transcripts were necessarily obtained for use in the case, Defendant Teamsters has done so, throwing showing that the depositions transcripts were cited extensively in its Rule 7.1 Statement of Material Facts in its prior motion for summary judgment. (Dkt. No. 47.)

## II.  GOVERNING LEGAL STANDARD

Because the parties have (in their motion papers) demonstrated an accurate understanding of the legal standard governing Defendants' motions, the Court will not repeat that legal standard in this Decision and Order, which is intended primarily for the review of the parties. Instead, the Court will respectfully refer the reader to the parties' motion papers. (Dkt. Nos. 35, 37, 46, 47, 48.)

## III.  ANALYSIS

### A.  Analysis of Defendant UPS' Motion

After carefully considering the matter, the Court rejects in part and accepts in part Plaintiff's objections to Defendant UPS's motion.

More specifically, the Court rejects Plaintiff's first objection for the reasons stated in Defendant UPS' motion papers. *See, supra,* Part I.B.1. of this Decision and Order.

The Court rejects Plaintiff's second objection for the reasons stated in Defendant UPS' motion papers. *See, supra,* Part I.B.1. of this Decision and Order.

The Court rejects Plaintiff's fourth objection for the reasons stated in Defendant UPS' motion papers. *See, supra,* Part I.B.1. of this Decision and Order. To those reasons, the Court would add only that, in addition to relying on the language cited by Defendant UPS in its reply (which originates from Dkt. No. 35, Attach. 1, at ¶ 5), the Court relies on the actual invoice, which makes it clear that Defendant UPS is *not* seeking $474.75 for a rough draft, $100.00 for linked exhibits, or $26.00 for electronic delivery and handling. (Dkt. No. 35, Attach. 1, at 11.)

The Court rejects Plaintiff's fifth objection for the reasons stated in Defendant UPS' motion papers. *See, supra,* Part I.B.1. of this Decision and Order. To those reasons, the Court

would add only that it has little trouble finding that 2,110 copies of exhibits were necessary for the depositions given (a) the number of attorneys and witnesses to whom the copies had to be given and (b) the fact that, in addition to the 26 exhibits referenced in notes 1 and 2 of this Decision and Order, 29 exhibits were used on the first day of Plaintiff's deposition. (Dkt. No. 21, Attach. 1, at 3-5.) The Court adds further that, while the number of copies made is somewhat confusing, the Court has been able to discern that number with sufficient confidence to grant the request (i.e., 728 copies made through a copying service on April 8, 2016, 729 copies made through a copying service on March 31, 2016, and 653 copies made "in house"). (Dkt. No. 35, Attach. 1, at 13, 15, 16, 18.)

Finally, while largely rejecting Plaintiff's third objection, the Court accepts that objection in two narrow regards. First, from the record currently available to it, the Court can (at most) discern the following costs recoverable by Defendant UPS with regard to the second day of the deposition of Plaintiff: (a) $805.00 for the 230-page transcript at a cost of $3.50 per page; and (b) $188.50 for 290 copies of transcript-exhibit pages at a cost of $0.65 per page.[1] Second, from the record currently available to it, the Court can (at most) discern the following costs recoverable by Defendant UPS with regard to the deposition of Brian Hammond: (a) $735.00 for

---

[1] The Court notes that, on the second day of the deposition of Plaintiff, 14 exhibits were used. (Dkt. No. 21, Attach. 2, at 3-4.) The Court finds that $0.65 per page is a reasonable rate for the copying of those exhibits. (Dkt. No. 35, Attach. 1, at 11.) However, the Court does not know the total number of pages of exhibits that were copied. Without more, the Court is unable to find that somehow 512.85 pages were copied–the amount necessary to equal the $333.35 in costs that constitutes the difference between the above-referenced amount of $805.00 and the requested amount of $1,138.35. At most, the Court can find that 290 pages were copied (i.e., the 11-page complaint, the 275 of pages reflected in the Bates-stamp numbers in the relevant Exhibit List, and the four other documents that are each assumed to be only 1 page long). (Dkt. No. 21, Attach. 2, at 3-4.)

the 210-page transcript at a cost of $3.50 per page; and (b) $20.80 for copies of 32 transcript-exhibit pages at a cost of $0.65 per page.[2]

For all of these reasons, the Court grants the costs requested by Defendant UPS except that (1) the amount of costs requested with regard to the second day of Plaintiff's deposition is reduced from $1,138.35 to $993.50 (i.e., $805.00 plus $188.50), and (2) the amount of costs requested with regard to the deposition of Brian Hammond is reduced from $940.55 to $755.80 (i.e., $735.00 plus $20.80). As a result, the requested amount of $3,617.81 is reduced by $329.60 to $3,288.21.

**B.    Analysis of Defendant Teamsters' Motion**

After carefully considering the matter, the Court rejects in part and accepts in part Plaintiff's objections to Defendant Teamsters' motion.

More specifically, the Court rejects Plaintiff's first objection for the reasons stated in Defendant Teamsters' motion papers. *See, supra,* Part I.B.2. of this Decision and Order. To those reasons, the Court adds only one point: the Court finds that a copy of a canceled check is not needed under the circumstances; and, in any event, one has been provided by Defendant Teamsters.

---

[2] The Court notes that, on the deposition of Brian Hammond, 12 exhibits were used. (Dkt. No. 21, Attach. 3, at 3.) The Court finds that $0.65 per page is a reasonable rate for the copying of those exhibits. (Dkt. No. 35, Attach. 1, at 11.) However, again, the Court does not know the total number of pages of exhibits that were copied. Without more, the Court is unable to find that somehow 316.23 pages were copied–the amount necessary to equal the $205.55 in costs that constitutes the difference between the above-referenced amount of $735.00 and the requested amount of $940.55. At most, the Court can find that 32 pages were copied (i.e., the 32 of pages reflected in the relevant Exhibit List, including Bate-stamp numbers). (Dkt. No. 21, Attach. 3, at 3.)

The Court rejects Plaintiff's second objection for the reasons stated in Defendant Teamsters' motion papers. *See, supra,* Part I.B.2. of this Decision and Order. To those reasons, the Court adds only one point: the Court finds that Defendant Teamsters has sufficiently referenced (in its motion papers) its prior motion for summary judgment and the portions of it in which the transcripts were used. (Dkt. No. 35, Attach. 1, at ¶¶ 2, 4; Dkt. No. 47, at 3-4 [attaching pages "2" and "3" of Def. Teamsters' reply]; Dkt. No. 47, Attach. 1, at ¶ 4.)

Finally, while largely rejecting Plaintiff's third objection, the Court accepts that objection in three narrow regards. First, from the record currently available to it, the Court can (at most) discern the following costs recoverable by Defendant Teamsters with regard to the deposition of Joelle Sebastian-Dean: (a) $791.00 for the 226-page transcript at a cost of $3.50 per page; and (b) $13.65 for copies of 21 transcript-exhibit pages at a cost of $0.65 per page.[3] Second, from the record currently available to it, the Court can (at most) discern the following costs recoverable by Defendant Teamsters with regard to the deposition of Robert Milne: $161.00 for the 46-page transcript at a cost of $3.50 per page.[4] Third, from the record currently available to it, the Court can (at most) discern $755.80 in costs recoverable by Defendant Teamsters with

---

[3] The Court notes that, on the deposition of Joelle Sebastian-Dean, 11 exhibits were used. (Dkt. No. 21, Attach. 5, at 3.) The Court finds that $0.65 per page is a reasonable rate for the copying of those exhibits. (Dkt. No. 35, Attach. 1, at 11.) However, the Court does not know the total number of pages of exhibits that were copied. Without more, the Court is unable to find that somehow 38.15 pages were copied–the amount necessary to equal the $24.80 in costs that constitutes the difference between the above-referenced amount of $791.00 and the requested amount of $815.80. At most, the Court can find that 21 pages were copied (i.e., the 21 of pages reflected in the relevant Exhibit List, including Bate-stamp numbers). (Dkt. No. 21, Attach. 5, at 3.)

[4] The Court notes that, on the deposition of Robert Milne, no exhibits were marked. (Dkt. No. 21, Attach. 4, at 3.) As a result, the Court cannot award any costs for transcript-exhibit pages.

regard to the deposition of Brian Hammond for the reasons stated above in Part III.A. of this Decision and Order.

For all of these reasons, the Court grants the costs requested by Defendant Teamsters except that (1) the amount of costs requested with regard to the deposition of Joelle Sebastian-Dean is reduced from $815.80 to $804.65 (i.e., $791.00 plus $13.65), (2) the amount of costs requested with regard to the deposition of Robert Milne is reduced from $187.50 to $161.00, and (3) the amount of costs requested with regard to the deposition of Brian Hammond is reduced from $940.55 to $755.80 (i.e., $735 plus $20.80). As a result, the requested amount of $2,153.35 is reduced by $222.40 to $1,930.95.

**ACCORDINGLY**, it is

**ORDERED** that Defendant United Parcel Service, Inc.'s motion for a bill of costs (Dkt. No. 35) is **GRANTED in part** and **DENIED in part**, such that costs are awarded in the amount of **THREE THOUSAND TWO HUNDRED EIGHTY-EIGHT DOLLARS AND TWENTY--ONE CENTS ($3,288.21)**; and it is further

**ORDERED** that Defendant Teamsters Local 687's motion for a bill of costs (Dkt. No. 37) is **GRANTED in part** and **DENIED in part**, such that costs are awarded in the amount of **ONE THOUSAND NINE HUNDRED THIRTY AND NINETY-FIVE CENTS ($1,930.95)**.

Dated: November 7, 2017
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge